IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTIAN R. AGUIRRE-HODGE,

           Plaintiff,

  v.

CHARLES LARSON, RANDALL HEPP, CATHY JESS, MARK SCHOMISCH, and CANDACE WHITMAN,

           Defendants.

ORDER

18-cv-995-jdp

---

Pro se plaintiff Christian Aguirre-Hodge, a Wisconsin prisoner incarcerated at New Lisbon Correctional Institution (NLCI), alleges that staff at his previous prison, Fox Lake Correctional Institution (FLCI), ignored his medical needs.

Aguirre-Hodge has filed a motion for extra time in the law library. Dkt. 27. I will deny the motion. Although Aguirre-Hodge has a constitutional right of access to the courts, *Christopher v.*

*Harbury*, 536 U.S. 403 (2002), this does not mean that the Constitution gives him as much time as he wants to prepare legal materials. Rather, he must show that he is being denied an opportunity to present his claims in court. *See Furrow v. Lappin*, 393 F. App'x 398, 399 (7th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 350–353 (1996)).

Aguirre-Hodge fails to make this showing. He does not say that prison officials are denying him access to his legal materials or prohibiting him from filing documents, only that prison officials are not giving him as much time in the library as he needs. But he has not shown that extra time is necessary to litigate the issues in this case. There are no pending motions and the trial date is more than a year away. Aguirre-Hodge says that he works slowly due to vision problems, but even if he works at a slow pace he should still have plenty of time to prepare his case.

Aguirre-Hodge also says that his vision problems entitle him to extra law library time under the Americans with Disabilities Act (ADA), and that the court should treat his request as a motion under the ADA. But Aguirre-Hodge is not proceeding on any ADA claims. As the case progresses, if Aguirre-Hodge finds it difficult to meet a specific court deadline because of his eyesight or limited access to the library, then he can write the court and seek an extension of that deadline.

I will grant Aguirre-Hodge's request to send him court documents written in a larger font. Attached to this order are copies of the court's previous orders in large print. I expect defense counsel to accommodate Aguirre-Hodge's requests for easy-to-read documents as well.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for extra library time, Dkt. 27, is DENIED.

2. The clerk is directed to send copies of the court's previous orders in size 16 font.

Entered July 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge