IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTIAN R. AGUIRRE-HODGE,

        Plaintiff,

   v.

CHARLES LARSON, RANDALL HEPP, CATHY JESS, MARK SCHOMISCH, and CANDACE WHITMAN,

        Defendants.

ORDER

18-cv-995-jdp

---

Christian Aguirre-Hodge, appearing pro se, alleges that staff at Fox Lake Correctional Institution, where he was previously incarcerated, ignored his medical needs. All deadlines in this case are currently stayed due to Aguirre-Hodge's vision problems. Dkt. 57. At the court's request, Aguirre-Hodge has provided an update on his vision problems. Dkt. 58. He says that he will be undergoing cornea replacement surgery, which is not yet

scheduled, after which he will need time to recover and may need additional visual therapy.

Aguirre-Hodge also renews his request for assistance in recruiting counsel. *Id.* He has two other pending motions for assistance on which I have delayed ruling pending his vision update. Dkt. 34 and Dkt. 44. In denying one of Aguirre-Hodge's earlier requests, I noted that he had not shown that he would be unable to litigate his case. Dkt. 14, at 5. At that time, he did not report any difficulties with reading and writing due to his vision. Now, he says that he is now unable to read or write, even with adaptive aids. Although Aguirre-Hodge's earlier filings were typewritten, his more recent filings, including this one, are handwritten in extremely large print, so I understand Aguirre-Hodge to mean that he can write only in this manner.

Aguirre-Hodge's case is currently stayed, but his next task is to respond to defendants' motion for partial summary judgment,

in which they contend that Aguirre-Hodge failed to exhaust all but one of his claims. This court typically does not assist incarcerated pro se litigants in recruiting counsel until after exhaustion motions have been resolved, because exhaustion motions do not involve complex legal or evidentiary issues. But Aguirre-Hodge says he will not be able to read or write until after he has recovered from his surgery, which may be quite some time. And even if defendants succeed on their exhaustion motion, it is a motion for only partial summary judgment, so Aguirre-Hodge will be proceeding on at least one of his claims. Accordingly, I will grant his motion for assistance in recruiting counsel.

If I find counsel willing to represent Aguirre-Hodge, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule. Aguirre-Hodge should know that because of the large number of requests for counsel that the court receives, the search for counsel may take several months

and there is no guarantee that the court will find counsel willing to represent him.

ORDER

IT IS ORDERED that plaintiff Christian Aguirre-Hodge's motion for assistance in recruiting counsel, Dkt. 58, is GRANTED. His earlier motions for assistance in recruiting counsel, Dkt. 34 and Dkt. 44, are DENIED as moot. All remaining deadlines are STRUCK and the case is STAYED pending recruitment of counsel for Aguirre-Hodge.

Entered February 4, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge